November 5, 2019

Thomas N. Millikan, Esq.
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA  92130-2080

**Robert R. Brunelli**
Shareholder
(303) 863-2980
rbrunelli@sheridanross.com

Via Email
TMillikan@perkinscoie.com

Re:   Digital Retail Apps, Inc. v. H-E-B, LP
      Civil Action No. 6:19-cv-00167-ADA

Dear Mr. Millikan:

We are disappointed by your letter dated October 23, 2019.  H-E-B's improper motive in sending such a baseless letter on the eve of claim construction is clear – H-E-B seeks to induce DRA to take positions concerning claim construction, infringement and validity in advance of the deadlines set by the Court in order to confer an unfair advantage to H-E-B.  DRA will not take H-E-B's bait.  As discussed below, each of H-E-B's allegations is either premised on a claim construction dispute that has not even been fully briefed by the parties, let alone resolved by the Court, or else it is an untimely or otherwise meritless invalidity argument.  In any case, your letter is plainly improper and DRA should not have to expend resources responding to it.

As a general matter, to the extent your exceptional case allegations rest on claim construction disputes, they are untimely and improper.  "Without conducting a full claim construction analysis in this action, as is required by the first step of resolving a patent infringement case, it would be impossible to determine whether Plaintiff's infringement position concerning Defendant's [products] was without merit, as both the arguments and evidence presented by the parties are in conflict." *Armacell LLC v. Aeroflex USA, Inc.*, No. 1:13CV896, 2015 WL 3891435, at *5 (M.D.N.C. June 24, 2015) (citing *Eon–Net LP v. Flagstar Bancorp.*, 653 F.3d 1314, 1329 (Fed. Cir. 2011)).  DRA, of course, denies that its infringement allegations are objectively baseless.  But there is simply no basis for H-E-B to assert otherwise before the parties have even briefed their claim construction positions.  As explained below, each of your complaints about DRA's infringement theories are unresolved claim construction disputes.

First, you state that DRA's infringement theory as to the '506 Patent is objectively baseless because "claims 1 and 13 require a retailer device to prompt a user of the device (*i.e., retailer personnel*) to indicate whether a customer's in-store purchase has been inspected and approved" (emphasis added).  But the question of whether the term "user of a retail device" must be "retailer personnel" is a claim construction dispute.  Your letter provides no basis to conclude that the user must be "retailer personnel" and DRA will not "preview" its arguments on this point, but will explain through its claim construction briefs that the tern "user of a retail device" is not limited to a retailer employee.

You then declare that the '781 Patent cannot apply to returns.  As stated in advance of the parties' opening claim construction briefs, H-E-B has not properly raised the issue of whether the '781 Patent applies to returns in the context of claim construction, and H-E-B has therefore waived any

**Ex. 1, p. 1**

attempt to restrict the scope of the '781 Patent based on returns.  Nonetheless, H-E-B has improperly devoted a significant portion of its opening claim construction brief to the issue of whether the '781 Patent applies to returns, in flagrant violation of the Court's claim construction schedule.  DRA will respond accordingly in its responsive claim construction brief, and will seek all appropriate relief if H-E-B does not immediately withdraw its arguments concerning returns and the '781 Patent.

As for your complaints about DRA's infringement allegations being made on information and belief, DRA's approach is proper approach for *preliminary* infringement contentions that are based on publicly available information.  *See, e.g.*, *Secure Axcess LLC v. HP Enterprise Servs., LLC*, No. 6:15-cv-208, 2016 WL 7042229, at *5 (E.D. Tex. Sept. 20, 2016); *Tactile Feedback Tech. LLC v. Samsung Elecs. Am., Inc.*, No. 2:14-cv-940-JRG-RSP, 2015 WL 13469637, at *81 (E.D. Tex. July 31, 2015).  As you know, all non-claim construction discovery is stayed until next year, and H-E-B has explicitly stated that it need not make a complete production of its technical documents until then.  *See* 9/23/2019 Email from Andrew N. Klein.  As discovery proceeds, DRA will amend its infringement contentions as appropriate during fact discovery.  In any case, the public use and analysis of H-E-B's products did in fact provide a reasonable basis to assert infringement of the patents-in-suit, as detailed in DRA's infringement contentions.

Your invalidity arguments are baseless and untimely.  While you appear to have belatedly concocted a speculative theory that certain dependent claims of the '506 Patent are invalid under the "printed matter" doctrine, these theories appear nowhere in H-E-B's invalidity contentions.  As these arguments are based entirely on the texts of the patents-in-suit, they were available to H-E-B at the time H-E-B's invalidity contentions were due under the Court's Scheduling Order.  Having failed to timely raise them, H-E-B has waived them.  In any case, your reliance on *Praxair Distribution, Inc. v. Mallinckrodt Hosp. Prod. IP Ltd.*, 890 F.3d 1024, 1032 (Fed. Cir. 2018) makes no sense.  Your letter does not explain how "purchase information," which is information transmitted by a server to a retailer device, is "printed matter" on a "substrate."

Likewise, your argument concerning Claim 8 of the '781 Patent was not timely disclosed in H-E-B's invalidity contentions and has thus been waived.  Further, as with your allegations concerning infringement, this argument rests on a dubious claim construction position that will be resolved by the Court.  Again, DRA will not afford H-E-B an unfair advantage by previewing its claim construction arguments.

As to DRA's document production, you complain that 58 pages of DRA's 18,000-page production were dated after the last application was filed.  Even assuming that documents that post-date the filing of a patent application are necessarily irrelevant to conception and reduction to practice, we fail to see how 58 pages out of 18,000 created an undue burden on H-E-B's counsel in reviewing the documents.

In sum, your letter contains no valid allegations that DRA's claim against H-E-B is objectively baseless or that DRA has engaged in any improper litigation conduct.  Rather, your letter is an example of an unsettling trend in patent litigation in which defense attorneys raise the specter of exceptional case awards in order to intimidate plaintiffs into dropping their valid infringement

claims.  Your tactics will not work.  As this case moves into its substantive phases, I hope this is not a preview of how H-E-B's counsel will be conducting itself through the rest of the litigation—as what is sauce for the goose is also sauce for the gander.

Sincerely,

SHERIDAN ROSS P.C.

Robert R. Brunelli

RRB/lrb
c: Jeff Toler, Esq.
   PerkinsServiceHEB-DRA@perkinscoie.com

Ex. 1, p. 3